## COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1861, AT PROVIDENCE.

PRESENT:

HON. SAMUEL AMES, CHIEF JUSTICE.
HON. GEORGE A. BRAYTON, ASSOCIATE JUSTICE.

## HANNAH WILLARD v. ASA FAIRBANKS, Guardian.

A guardian cannot be personally sued for the debt of his ward, notwithstanding the expressions in the 25th Section of Chapter 138, in the Revised Statutes, which seem to imply that in the case there spoken of he may.

ASSUMPSIT against the defendant, as the guardian of the person and estate of Edward Barnes, a lunatic; the declaration, in the first count, declaring upon a promissory note for $1,572.36, made by Barnes on the 8th day of December, 1857, and payable to the plaintiff on demand, with interest; and the other counts being in indebitatus assumpsit for work and labor, and the money counts.

The defendant's first plea, in substance, was, "that after his appointment as guardian, as aforesaid, and before the commencement of this action, he, the defendant, as such guardian, exhibited to the Court of Probate by which he was appointed guardian, to wit, the Municipal Court of the City of Providence, to wit, on the 8th day of May, 1860, a list of all the claims presented against his said ward, within six months from the date of his notice, as guardian, to the creditors of his said ward, to present their said claims, including the claim of the plaintiff in the first count of her said declaration set forth, noting thereon such as were allowed by him as such guardian, and among which so allowed by him, was the said claim of the plaintiff in the first count of her declaration mentioned; and no other claim against his said ward than the one so allowed by the defendant was, within said six months, presented by the plaintiff; and the estate of his said ward, in the hands of this defendant, as guardian, is still unsettled, and the debts which were presented as aforesaid within said six months and allowed by the defendant, are not yet all paid; so that, it does not yet appear, and the defendant cannot yet tell, whether there will eventually be and remain, surplus property of his said ward in his hands, after paying all debts, and expenses, and allowances by said Court of Probate, or not; all which he is ready to verify," &c.

To this plea the plaintiff demurred, generally, and the defendant joined in demurrer.

*Congdon, for the plaintiff:*—

I. In our State, by the general tenor of our statutes, guardians are liable, as such, according to the analogy of executors and administrators, unless specially exempted. See Rev. Stats. Title 20, Ch. 138, §§ 21–25. Hence, this defendant must bring himself within these exemptions of the statute.

II. The allowance of the claim set forth in plaintiff's first count, is no defence to this action, but rather an express admission of liability. *Storer* v. *Storer*, 6 Mass. 390.

III. With reference to the second and subsequent counts, it is not necessary, in the declaration, to allege presentment of the claims to the guardian, or to allege any surplus in his hands.

Hence, in any special plea in bar resting on this defence, it must be properly pleaded. *Kittredge* v. *Folsom, Ex'r.*, 8 N. H. 98. The averment in the plea that the defendant has not paid all the debts of the ward, "*so that* he does not know and cannot tell" whether there will be a surplus or not, is not a sufficient averment of want of surplus, and is also bad as argumentative. It amounts, at most, to an *apprehension* of insolvency, which is no bar to this action, at least unless the facts upon which such apprehension is founded are so set forth, that the court can pass upon their sufficiency. *Coleman* v. *Hall*, 12 Mass. 570 ; *Walker* v. *Hill*, 17 Mass. 380.

IV. The above plea, being pleaded to the whole declaration, if bad as to any of the counts, is bad as to the whole.

*James Tillinghast, for the defendant:*—

I. The right of action against a guardian is a mere statutory right, and is limited and determined by statute.

II. Our statute of guardian and ward, Rev. Stat. Chap. 138, gives a right of action against a guardian, as such, upon the contracts, &c., of his ward, only in two specified cases at the most. 1. *Before the estate is settled*, upon a claim that has been presented to the guardian *within the six months*, and rejected or disallowed by him. See Rev. Stat. p. 324, § 25. 2d. *After the estate has been settled by the guardian, so far as the claims presented within the six months, and all intermediate expenses and all allowances by the Court of Probate* are concerned, *if there remains surplus estate in the guardian's hands*, but not otherwise. See Rev. Stat. p. 324, § 24. And *quære*, even, if this latter action can be against the guardian, and must not be against the ward directly, the guardian only being liable to satisfy the judgment from the surplus estate in his hands. Compare *Arnold* v. *Angell*, 1 R. I. Rep. 289. See also *Thatcher et al* v. *Dinsmore*, 5 Mass. 299 ; Parsons C. J. 301 ; *Hutchins* v. *Dresser*, 26 Maine 76 ; *Raymond* v. *Sawyer*, 37 Maine 406 ; *Lane* v. *Schermerhorn*, 1 Hill, (N. Y.) 97 ; *McKillip* v. *McKillip*, 8 Barb. (Sup. Ct.) 552.

III. Any other suit against the guardian, e. g., one like the present, is more than useless. 1. It adds costs to the claims, to the detriment of other creditors. 2. If judgment is entered up,

no execution can issue to enforce it. Certainly it ought not against the guardian personally, nor can it against the ward's estate in his hands. See per Parsons C. J. 5 Mass. 301, *Thatcher* v. *Dinsmore; Per Curiam,* 1 R. I. 291, *Arnold* v. *Angell.* 3. All claims which either the guardian or the Court of Probate can now recognize, viz., all presented within the six months, are now matters of record in the Probate Court; for those not so presented, by express statute, the creditors have no present claim against the guardian. Rev. Stat. p. 324, § 24. 4. If, for any cause, it becomes necessary, or the creditor wishes, pending the settlement of the estate by the guardian, to put his claim, which has not been presented within the six months, into judgment, there is nothing to prevent a suit, and the suit must properly be directly against the ward, and not against the guardian, and the court will take care to protect the ward's rights. See authorities cited above.

IV. For any neglect by the guardian in settling the estate, the remedy is not by suit against the guardian, as such, upon the contract of the ward, but by action upon his guardian's bond, when the good faith of the conduct of the guardian, acting under the direction and authority of the Court of Probate, would be a material inquiry. Otherwise, though using the utmost diligence, under the direction of the Court of Probate, or even for delays in that Court for which he is in no way responsible, the guardian may be subjected to innumerable suits, and the estate wasted in costs, to the great detriment, particularly if the estate proves eventually to be insolvent, of the creditors themselves; for if entitled to sue, of course the costs must follow, and be added to, the amount of the claims; and by uniting admitted and contested claims as one, the costs may always be thrown against the estate, for the guardian can make no tender to bar the costs.

BRAYTON, J. This action is brought, not against the ward, but against the guardian personally, counting upon several promises of the ward. The defendant by his plea in bar alleges, that, as to the claim set forth in the first count, it was presented to him, as guardian, within the six months after his appointment,

Willard v. Fairbanks.

duly allowed by him, and reported to the Probate Court; and as to the other claims, that none of them were presented to him within the time allowed by law, and that he has not paid all the debts of his ward,—so that he does not know, and cannot tell, whether there will be a surplus. To this plea the plaintiff has demurred.

The plaintiff, in support of the demurrer, objects to the sufficiency of the plea in this, that it does not allege that there is no surplus property in his hands, as guardian, and that it is not sufficient to allege simply that he cannot tell whether there will be a surplus or not, and that, because he has not paid all the debts of the ward. If it were necessary for the defendant to aver this negative fact, and the burthen were on him to show that no surplus existed, we think, clearly, it is not sufficiently set forth in this plea, and that the defendant should have averred directly the want of such surplus.

Section 24 of Chap. 138, Of Guardian and Ward, provides, that " every creditor of the ward shall exhibit his claim to the guardian within the term of six months after notice given" to exhibit them, " or he shall be forever barred of all claim therefor against the guardian, unless there shall be surplus property in his hands, after paying all debts, and expenses, and allowances made by the Court of Probate." It was not necessary for the plaintiff to anticipate the defence to be set up in the suit, by averring in his declaration the fact, that he exhibited his claim to the guardian within the time prescribed; though he could not recover if his neglect to do so is made to appear, but it is matter of defence to be pleaded; and the terms of this section of the act declare, that such neglect shall bar the action, unless avoided by the fact, that there remains a surplus in the guardian's hands, for the payment of the claim. If there be, in fact, such surplus, the plaintiff may reply to the defendant's plea, and thus avoid the bar which the act provides.

It was quite sufficient for the defendant to have averred, that the plaintiff did not exhibit his claim within the time prescribed, since such neglect is declared a bar to his action; and all the other averments of the plea may be treated as surplusage.

The defendant need not anticipate the plaintiff's reply, any more than the plaintiff need the plea of the defendant. The burthen is upon the plaintiff to avoid the bar, by showing that there is, notwithstanding his neglect, in the hands of the guardian means to pay the debt now demanded. The plea, therefore, is sufficient, and would be, upon the assumption that an action could be sustained against a guardian, personally.

But this demurrer brings in question the sufficiency of the declaration. The plaintiff has counted against the guardian, personally, upon the promises of the ward, and not against the ward, who made them; and the question is, if such an action can be maintained. If this question were now for the first time raised, we should find no difficulty in overruling the position of the plaintiff, that the statute authorizes or requires a suit against a guardian, personally, for the ward's debts. The analogy upon which the plaintiff lays great stress, entirely fails;—that of executors and administrators. In such cases, the testator or intestate being no longer *in esse*, there is no person, other than the executor or administrator, against whom an action can be brought to try the right;—and so, from the necessity of the case, the action must be against him. In such case, also, the title and interest in the estate personally devolves upon, and vests in, the executor or administrator. But it is not so in the case of guardian and ward. The original possessor and debtor is still in existence, and may be sued. The title to the property, real and personal, remains in the ward, as before the appointment of the guardian. Though the guardian is vested with a power, over the person it may be, and over the estate of the ward, he has no interest in any portion of it. But we consider this point as settled in this court, long since, by the case of *Arnold* v. *Angell,* 1 R. I. 289; in which it was held, that, as the statutes then stood, all actions for the debts of the ward must be against the ward; and that the statutes did not intend to subject the guardian to a judgment for the ward's debts. Since the decision referred to, the words " against the guardian " have been introduced into the 25th section of chapter 138 of the Revised Statutes. That section provides, that no action shall be sustained against a guardian

within twelve months after his appointment, &c., unless the claim exhibited is wholly, or in part, rejected by the guardian, "in which case, the creditor may bring his suit forthwith." Thus stood the provision, prior to the revision in 1857. After the word "forthwith," were, in that revision, added, the words "against the guardian." It is insisted that these words, in this connexion, show an intent that the action should be against the guardian personally. The added words are no material addition to the implication arising from the limitation of suit for one year, in the former part of this section, and which were not held sufficient to warrant a suit against any other person than the ward. But if the language of the section should be held to require a suit against the guardian, personally, it must be confined to the case provided, viz.: one in which the claim has been rejected by the guardian, in whole or in part. We agree with the counsel for the defendant, that a right to sustain such an action must be given by statute, if it exist at all, and could not rest upon a rule of the common law. No one of the plaintiff's claims has been rejected, either in whole or in part; so that she would not fall within this special provision, if held to be in her favor. The allowance, by the guardian, of a claim presented to him, as required, does not authorize, and was not intended to authorize, a suit for the debt so allowed. It was intended as one mode of ascertaining the debt of the ward, so that thenceforth, it would be the duty of the guardian, to apply the property of the ward to its payment, as the Court of Probate should order; and upon his refusal, to render him liable to suit upon his bond, for refusal to perform that duty.

Upon this demurrer, the declaration being found to be bad, judgment must be rendered for the defendant, for his costs.